THE STATE v. SPECHT.

1. **Manslaughter:** EVIDENCE INSUFFICIENT. The evidence in this case being insufficient to connect defendant with the homicide, the judgment of conviction for manslaughter is reversed.

*Appeal from Jones District Court.*

WEDNESDAY, MARCH 18.

THE defendant, John Neiman, and John Hoyne were jointly indicted and charged with the crime of having murdered Henry Barreuger. The defendant was found guilty of manslaughter, and appeals.

*J. W. Jamison*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

SEEVERS, J.—In October, 1883, there was a dance at the house of one Hoyne. The persons invited thereto were Germans, with the exception of the deceased and five others, who were Americans, and who went in a body to the dance without being invited. Sometime during the night, the deceased caused some disturbance in the house, because, possibly, he was somewhat intoxicated; and, as beer was to be readily obtained, it is probable that all the male persons present were somewhat under its influence, although there is no direct and positive evidence to this effect. Because of the disturbance, the deceased, with some force, owing to his

resistance, was removed from the house. When outside, he and defendant had a difficulty. They struck each other, and were both on the ground "scuffling." They were separated, and the deceased started, we judge, to leave the premises. The defendant and others followed him to a highway a short distance from the house. There is a bridge which forms a part of the highway, and a short distance north of it the deceased and the defendant had another difficulty, and possibly exchanged blows. They were separated. Up to this time the deceased had not been seriously injured, and, conceding that a crime had been committed, it was assault and battery only. After the deceased and the defendant were separated north of the bridge, the former passed over it, and Neiman followed him, and the fatal blow was struck by Neiman on the south side of the bridge. It satisfactorily appears from the evidence, without serious contradiction, that the defendant at no time was south of the bridge, or present when the fatal blow was struck. It will be conceded that the defendant and Neiman jointly assaulted the deceased near the house, and again in the highway north of the bridge, but such difficulties were ended without serious results; and, as we are satisfied from the evidence, Neiman, on his own motion, and without the aid or advice of the defendant, followed the deceased across the bridge and struck the fatal blow. We think the state failed to connect the defendant with it, and therefore the verdict is unsupported by the evidence.

REVERSED.